IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JUSTIN TEIXURO                                                          PLAINTIFF

v.                                  Civil No. 4:19-cv-4057

WARDEN MAXWELL; CHAPLAIN
B. WARBRIGHTON; MRS. HODGE;
MR. FRANKLIN; and ASSISTANT MINURS                                      DEFENDANTS

## ORDER

Before the Court is Plaintiff Justin Teixuro's failure to obey orders of the Court. Plaintiff filed this 42 U.S.C. § 1983 action *pro se* on May 29, 2019. (ECF No. 1). On July 5, 2019, Defendants Maxwell, Warbrighton, Hodge, and Franklin filed a Motion to Dismiss. (ECF No. 11). On July 8, 2019, the Court entered an order directing Plaintiff to file a Response to Defendants' motion on or before July 29, 2019. (ECF No. 13). Plaintiff was advised in this order that failure to respond by the Court's imposed deadline would subject this case to dismissal, without prejudice, pursuant to Local Rule 5.5(c)(2). On August 6, 2019, Defendant Miners, incorrectly identified in the case caption as "Minurs," filed a Motion to Dismiss, incorporating by reference the other Defendants' Motion to Dismiss. (ECF No. 15). To date, the Court's order has not been returned as undeliverable and Plaintiff has not responded to Defendants' Motion to Dismiss.

On August 12, 2019, the Court issued an order directing Plaintiff to show cause by August 19, 2019 as to why he failed to comply with the Court's previous order to file a response to Defendants' motion to dismiss. In this order, Plaintiff was again advised that failure to show cause by the Court's imposed deadline would result in this case being dismissed without prejudice. (ECF

No. 16). To date, the show cause order has not been returned as undeliverable and Plaintiff has not responded to it.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey two orders of the Court. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED,** this 27th day of August, 2019.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge